UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 07-11516-RWZ

ANTONIO ANDRADE

v.

SINCO GROUP, INC. *(misnamed)*

v.

C. SHERMAN JOHNSON CO., INC.,
and INTERNATIONAL SAFETY COMPONENTS, LTD.

ORDER
October 6, 2010

ZOBEL, D.J.

Plaintiff Antonio Andrade was injured in the course of his employment by Pollak Company ("Pollak") when a self-retracting life line ("SRL") failed to stop his fall from an elevated order-picker lift. He sued only Sinco Group, Inc. ("Sinco"), the manufacturer of the SRL for negligence and breach of implied warranty. There followed considerable litigational skirmishing with the filing of third- and fourth-party claims and the subsequent dismissal of some of them. Remaining in the case are Sinco's third-party claims against International Safety Components, Ltd. ("International"), which had designed, made and sold the harness component of the SRL, and C. Sherman Johnson Co., Inc. ("Sherman"), the designer and manufacturer of the swivel shackle which secured the device to the order-picker, as well as International's fourth-party claims against Sherman. Sinco moves for summary judgment on its claim based on the

perceived inadequacies of plaintiff's expert's report and, for the same reason, to exclude the opinion of the expert, Wilson G. Dobson.  Sherman moves for summary judgment with respect to Sinco's third-party claim.[1]

The accident occurred in 2005.  Although Pollak employees immediately looked for all parts of the failed device and found some pieces of a ring that may have been the one that secured the pin on the swivel shackle, those pieces and another crucial component, the pin, disappeared some time before this litigation began.  Therefore, none of the experts including, in particular, Mr. Dobson, had this ring available for observation and testing.  Since none of the other components appear to have failed, causation is a hotly contested issue.

Mr. Dobson examined and tested exemplar shackles and rings as well as the other components of the SRL system and "[p]erformed calculations regarding stresses and forces in the split ring under various scenarios."  He then opined that the location of the ring "inside the retractable lanyard housing" caused "the webbing of the harness to repeatedly contact and eventually pull apart the ring" and allow the clevis pin to separate from the shackle.  (Expert Report of Wilson G. Dobson, Docket # 87, Ex. 21.) He posits another scenario "that the ring was incompletely assembled to the clevis pin." (Id.)

**Sherman's Motion for Summary Judgment (Docket # 81)**

Sherman moves for summary judgment with respect to the third-party claim by

---

[1] There is some confusion in the briefing as to the alignment of the parties. Plaintiff, not Sinco, filed an opposition to Sherman's motion, but plaintiff has no claim against Sherman.

2

Sinco on the ground that plaintiff has provided no evidence implicating Sherman, its swivel shackle or any component thereof in causing the accident.  Both of plaintiff's theories concern how Sinco assembled the Sherman shackle into the finished SRL, conduct which in no way implicates Sherman.  Sherman cannot therefore be liable to Sinco, and its motion for summary judgment is allowed.

**Sinco's Motion to Exclude Mr. Dobson's Testimony (Docket # 82)**

First, the expert's primary opinion, that the particular assembly of the SRL caused the ring to contact the webbing which eventually pulled the ring apart, appears to be based on his observations, calculations and experience.  It may not survive cross-examination and the contrary opinions of defendant's experts may prevail, but on the record before me now, it is sufficiently grounded to defeat the motion.

Second, Mr. Dobson's alternative theory concerning the improper assembly of the ring is nothing more than speculation.  The record is devoid of any evidence that the ring was "incompletely assembled."  This alternative opinion is excluded.

**Sinco's Motion for Summary Judgment (Docket # 85)**

This motion is the corollary to the motion to exclude the expert.  In light of the ruling on that motion, summary judgment is granted to the extent plaintiff claims on a theory of improper assembly of the ring and pin.  It is denied as to the claim of negligence and/or breach of warranty based on the alleged negligence and/or defect for placing the ring inside the lanyard housing.

**Conclusion**

Sherman's motion for summary judgment (Docket # 81) is ALLOWED.  Sinco's

3

motion to exclude the plaintiff's expert (Docket # 82) is ALLOWED with respect to his alternative theory, it is DENIED with respect to his primary opinion, and as a result its motion for summary judgment (Docket # 85) is denied.

|  |  |
|---|---|
| October 6, 2010 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |